# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1411 | **DATE** | 9/19/2012 |
| **CASE TITLE** | *Kent v. Chase Bank USA, N.A.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion to dismiss [14-1] based on insufficient service is taken under advisement pending a hearing. The parties shall appear on September 26, 2012 at 9:30 a.m. to set a hearing date.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Namon Kent filed suit against Chase Bank, USA, N.A. alleging a violation of the Fair Credit Reporting Act ("FCRA"). Specifically, Kent alleges that although he sent a letter to Chase notifying it that it had placed inaccurate information on his credit report, which was being reported to the various credit reporting agencies, Chase failed to investigate or respond to Kent's letter in violation of 15 U.S.C. §§ 1681i, 1681s-2(b). Chase moves to dismiss the complaint based on insufficient service and failure to state a claim. For the reasons stated below, the motion to dismiss for insufficient service is taken under advisement pending a hearing.

Under Federal Rule of Civil Procedure 4(h)(1), service of process on corporations is properly effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service of process on a corporation may also be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Illinois allows service on a corporation by "leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 Ill. Comp. Stat. 5/2-204.

It is the plaintiff's burden "to demonstrate that the district court has jurisdiction over a defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Absent good cause, whether to dismiss or extend the period for service is "inherently discretionary." *Cardenas*, 646 F.3d at 1005.

**STATEMENT**

      Kent contends that service was properly made as reflected in the return of service, which was filed on June 12, 2012 (Dkt. # 11), and consists of two pages, a summons and a return of service. The return of service page indicates that service was made by John Kent by his leaving copies of the summons and complaint at the "defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." The name Alexis R. Meade is written on the line of the name of the person who was served and the address on the summons is that of CT Corporation, 208 S. LaSalle Street, Ste. 814, Chicago, IL, 60604. Pointing to an affidavit of Alexis Meade, an employee at CT Corporation, Chase admits that while it received a complaint through service on CT Corporation, it was never served with a summons. (Def.'s Resp. Court's 9/5/12 Order, Dkt. # 23, Ex. A, Meade Aff. at ¶ 7.) Rule 4(m) states that a "summons must be served with a copy of the complaint."

      Based on the above, an issue of fact exists regarding whether a summons was served on Chase. Accordingly, the defendant's motion to dismiss [14-1] based on insufficient service is taken under advisement pending a hearing. The parties shall appear on September 26, 2012 at 9:30 a.m. to set a hearing date.