Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1411 | **DATE** | 12/21/2012 |
| **CASE TITLE** | *Kent v. Chase Bank* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the pending motion to dismiss [35-1] is denied as moot. Any amended complaint must be filed no later than 21 days from the date of entry of this order. Chase shall answer or otherwise plead no later than 21 days after the filing of the second amended complaint.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

After the Court dismissed Plaintiff's initial complaint for failure to state a claim, Namon Kent was given leave to file an amended complaint. (Dkt. # 29-1.) Kent filed a first amended complaint ("FAC") alleging that Chase violated the Fair Credit Reporting Act ("FCRA"), committed promissory fraud and breached a settlement agreement with him.

Chase now moves to dismiss the amended complaint. In his response, Kent seeks leave to amend his complaint once again to allege that Chase is an information provider under the FCRA, Chase had a duty to investigate the dispute and did not, Kent sent a letter to the credit reporting agencies regarding the dispute and the credit reporting agencies notified Chase of the dispute. (Resp., Dkt. # 39, at 2.) Chase opposes the amendment on the ground that the timing is suspicious and questions why Kent did not make the allegations he seeks to add in a second amended complaint earlier. It states that "Plaintiff's Response provides no assurances that he can properly assert these allegations." (Reply, Dkt. # 41, at 5.) But, Kent is bound by Federal Rule of Civil Procedure ("Rule") 11, just as any lawyer is, *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990), and will be held to its provisions. Moreover, the Court cannot conclude at this time whether Kent may be able to plead what he now says he can plead. Rule 15 requires that courts allow amendments freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, Kent's request for leave to amend is granted. Kent is admonished that this will be the final amendment the Court allows. He must include in this second amended complaint all relevant facts and allegations he deems necessary.

The Court notes that in its motion to dismiss the FAC, Chase discusses many facts surrounding the case, which are not properly addressed at the motion to dismiss stage and are more properly resolved on summary judgment. *See Morrison v. YTB Int'l., Inc.*, 649 F.3d 533, 538 (7th Cir. 2011) (on motion to dismiss, district court not entitled to "take evidence" or "make findings of fact"). Moreover, with respect to the alleged settlement agreement that was executed as part of a seemingly related state court case, Chase does

| STATEMENT |
|---|

not deny that the agreement exists, and argues that because Kent has not substantially performed, he cannot satisfy the elements of a breach of contract. However, it then goes on to impose uncertainty as to whether the settlement agreement is valid and binding when it states in a footnote that "[*i*]*f* the Court were to find the settlement agreement to be binding on the parties, then it would require dismissal of Count I [the FCRA count] of Plaintiff's Amended Complaint." (Reply, Dkt. # 36, at 8 n.3.) (emphasis added). If Chase believes that the alleged settlement is binding and bars the instant lawsuit, why is that argument relegated to a footnote?

Although the Court is giving Kent one more opportunity to amend his complaint, it strongly encourages the parties to discuss settlement of the case. Any amended complaint must be filed no later than 21 days from the date of entry of this order. Chase shall answer or otherwise plead no later than 21 days after the filing of the second amended complaint. The pending motion to dismiss [35-1] is denied as moot.